**Paul SCHABEN, d/b/a Schaben Distributing Co. and Bernard Schaben, d/b/a Schaben Distributing, Inc., Appellants,**

v.

**SAMUEL MOORE & CO., a corporation, Appellee.**

No. 79–1103.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1979.

Decided Oct. 11, 1979.

Bruce Rohde, McGrath, North, O'Malley & Kratz, Omaha, Neb., for appellants.

Frank W. Pechacek, Smith, Peterson, Beckman & Willson, Council Bluffs, Iowa, for appellee; Gregory G. Barntsen, Council Bluffs, Iowa, on brief.

Before BRIGHT and HENLEY, Circuit Judges, and MARKEY, Chief Judge.[*]

PER CURIAM.

Paul and Bernard Schaben appeal from a judgment dismissing their action for damages against Samuel Moore & Co. (Samuel Moore). The Schabens allege that Samuel Moore engaged in predatory practices and discriminatory pricing in violation of section 1 of the Sherman Act and section 2(a) of the Robinson-Patman Act, 15 U.S.C. §§ 1 and 13(a) (1976).[1] The district court, Chief Judge W. C. Stuart presiding, held that plaintiffs failed to prove the essential elements of their claims. *Schaben v. Samuel Moore & Co.*, 462 F.Supp. 1321 (S.D.Iowa 1978).

On appeal the Schabens initially challenge the trial court's determination that Samuel Moore and its wholly owned subsidiary, Couplamatic, Inc. (Couplamatic), were a single entity. They argue rather that Couplamatic was a purchaser of Samuel Moore products, and that it enjoyed favorable prices unlawful under section 2(a)

---

[*] HOWARD T. MARKEY, Chief Judge, United States Court of Customs and Patent Appeals, Washington, D.C., sitting by designation.

1. In their complaint, the Schabens also charged Samuel Moore with unfair competition in violation of § 5(a)(1) of the Federal Trade Commission Act of 1914, 15 U.S.C. § 45(a)(1) (1976), and with monopolization in violation of § 2 of the Sherman Act, 15 U.S.C. § 2 (1976). The Schabens abandoned the former claim at trial and the latter one on appeal.

of the Robinson-Patman Act, 15 U.S.C. § 13(a).[2] Second, the Schabens argue that the district court erred in finding that Samuel Moore had not engaged in predatory price cutting and other antitrust violations. We reject these contentions and affirm the holding of the district court.

## I. *Factual Background.*

Synflex, a division of Samuel Moore, manufactures plastic hydraulic hose and associated parts that are used in industry and agriculture. In August 1970 and April 1971, respectively, Bernard and Paul Schaben began selling Synflex products in the so-called agricultural aftermarket. The Schabens purchased these products from Samuel Moore at the prices established by Samuel Moore for its distributors. The Schabens set their own resale prices; frequently, they were higher than those suggested by Samuel Moore.

Couplamatic, Inc., a wholly owned subsidiary of Samuel Moore, manufactures couplers, dies, and other hydraulic hose accessories. After its acquisition by Samuel Moore in 1967, Couplamatic sold Samuel Moore products through a network of independent distributors. In June 1973, Couplamatic began distributing Synflex hose and accessories through "wagon jobbers," its own traveling distributors, in direct competition with the Schabens. Couplamatic obtained the Synflex products at factory cost plus a percentage add-on. The price of Couplamatic products transferred to Samuel Moore's Synflex division was calculated in the same way. No money was exchanged between the corporations; the transfer prices were merely bookkeeping entries.

Beginning in mid-1973, the Schabens experienced problems in acquiring Synflex products, particularly dies and couplings, from Samuel Moore. Throughout 1973 and 1974 the Schabens had chronic credit problems with Samuel Moore: they exceeded their credit limits and refused to pay outstanding bills until their backorders were filled. On April 5, 1975, Samuel Moore terminated Bernard Schaben's distributorship for nonpayment pursuant to the terms of his distributorship contract. Paul Schaben's indication to Synflex that he would not satisfy his account until all backorders were shipped effectively terminated his distributorship as well, because he had never entered into a formal contract with Samuel Moore.

## II. *District Court Findings.*

■ The district court examined the corporate structure and accounting practices of Samuel Moore and found that Samuel Moore treated Couplamatic as a profit center or division rather than as a separate corporation. Indeed, the court opined, Samuel Moore operated its divisions and subsidiaries as a single entity. Under these facts, the court concluded that product exchanges between Synflex and Couplamatic constituted intracompany transfers rather than sales. Hence, the Schabens had no standard of comparison on which to base their Robinson-Patman Act claim.[3]

With respect to the claim of predatory practices, the district court rejected the Schabens' claim that their difficulties in obtaining essential items reflected a plan by Samuel Moore to drive them out of business. Rather, the court found that these difficulties were the result of industrial

2. The Schabens were required to prove, as part of their price discrimination claim, that Samuel Moore's product transfers to Couplamatic constituted sales, *i. e.*, that Couplamatic was a "purchaser" of its parent's products. Section 2(a) of the Robinson-Patman Act, 15 U.S.C. § 13(a) (1976), provides in pertinent part:

> (a) It shall be unlawful for any person engaged in commerce, in the course of such commerce, * * * to discriminate in price *between different purchasers* of commodities of like grade and quality * * * where the effect of such discrimination may be substantially to lessen * * * or to injure * * competition * * *. [Emphasis added.]

3. *See* note 2 *supra.* The Fifth Circuit has recently held that transfers by a parent corporation to its wholly owned subsidiary can never be considered sales to a separate "purchaser" within the meaning of the Robinson-Patman Act. *Security Tire & Rubber Co. v. Gates Rubber Co.*, 598 F.2d 962, 965 (5th Cir. 1979). In affirming here the district court's findings on this issue, we find it unnecessary to adopt the *per se* rule of *Security Tire & Rubber Co.*

shortages that affected Samuel Moore's supply to its distributors generally. The court further found that Samuel Moore's termination of the Schabens' distributorships followed from their failure to stay within understood credit limits and pay all outstanding balances within thirty days. Finally, the district court found that the Schabens created their own competitive disadvantages by overpricing Synflex products after alternative sources of supply reached the relevant markets.

### III. *CONCLUSION.*

The district court resolved the predominantly factual issues in this case against the Schabens. We are bound by the district court's findings of fact unless they are clearly erroneous. Fed.R.Civ.P. 52(a). The district court carefully weighed the competing claims of both parties. The findings of the district court have evidentiary support and are not clearly erroneous. Moreover, the appellant has demonstrated no errors of law in the conclusions drawn by the district court from its factual findings.

The district court has written a thorough and well-reasoned opinion in this case. *Schaben v. Samuel Moore & Co., supra,* 462 F.Supp. 1321. We affirm on the basis of that opinion.